IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JESSICA MCCONNELL                                                              PLAINTIFF

v.                           Civil No. 5:22-cv-05214-TLB-CDC

SERGEANT MARIAH CARRIER,                                                    DEFENDANTS
SERGEANT WILL FOSTER; CORPORAL
CARLEY EAST; DEPUTY HANNAH
FRASER; and DEPUTY KELLIE
GRAMMER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jessica McConnell filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. The Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned in accordance with 28 U.S.C. § 636(b)(1) and (3) for the purpose of making a Report and Recommendation.

Plaintiff is a pretrial detainee incarcerated in the Washington County Detention Center ("WCDC") in Fayetteville, Arkansas. The Court previously granted Plaintiff's *in forma pauperis* ("IFP") application. (ECF No. 3). This matter is now before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff asserts three claims for relief. Plaintiff first claims that when she had COVID-19 while incarcerated at the WCDC on August 17, 2022, Sgt. Mariah Carrier and Deputy Fraser required her and eight other female inmates to carry their belongings, including their mats, down

---
[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

the stairs and into the courtroom hallway. (ECF No. 1 at 4). Plaintiff alleges that a few days earlier, the same shift allowed other inmates to take the elevator and to use a cart to move their belongings. *Id.* Plaintiff claims that this is evidence of discrimination and unsafe and unsanitary conditions in violation of her constitutional rights. *Id.* at 4-5.

Plaintiff's second and third claims further address her conditions of confinement. Plaintiff says that after they tested positive for COVID-19 and were placed in the courtroom hallway, they were required to sleep on a dirty floor from August 17-18, 2022. (ECF No. 1 at 6). Plaintiff also alleges that they were served food late—claiming that one time they were not served dinner until after 8 pm—and their food was cold. *Id.* Plaintiff identifies Corporal Carley East and Sergeant Will Foster as the individuals who distributed the meals. *Id.* She describes these officers as being rude, making it sound like the inmates were in trouble. *Id.*

On August 19, 2022, Plaintiff says they were moved from the courtroom hallway to a cell block in the men's pod (W Block-C2). (ECF No. 1 at 8). Plaintiff describes that during their week in W Block-C2, (a) the cell block was dirty and smelled of urine, and (b) they were supervised by male officers while showering but did not have a shower curtain, leaving the top half of their bodies exposed. *Id.* Plaintiff claims that Deputy Kellie Grammar and Deputy Hannah Fraser did not provide them with a shower curtain. *Id.*

Plaintiff names Defendants in their official and individual capacities on each of the claims. (ECF No. 1 at 5, 7 &8). As relief, Plaintiff requests compensatory damages. *Id.* at 9.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Discrimination Claim

Plaintiff claims that she and eight other female inmates were discriminated against because they were required to carry their belongings and use the stairs when other inmates were allowed to use carts and the elevator to move their items. This claim fails as a matter of law.

Recognizing that *pro se* complaints are to be construed liberally, this Court views this claim as an equal protection claim. The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend.

3

XIV, § 1. "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't. of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). A Plaintiff must show she is similarly situated to those whom she compares herself to in "all relevant respects." *Carter v. Arkansas,* 392 F.3d 965, 969 (8th Cir. 2004)(cleaned up). The first step in an equal protection case, therefore, "is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her." *Id.; see also Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999) (the court's analysis of equal protection claims begins by asking whether the plaintiff has shown that he has been treated differently than others similarly situated). "Absent a threshold showing that [the plaintiff] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.*

Here, Plaintiff alleges that her group of inmates is similarly situated to the group of inmates who, a few days earlier, were allowed to use a cart and elevator to move their belongings. The passage of time is singularly sufficient to find that these groups of inmates are not similarly situated. Plaintiff does not say, and the Court is unaware of what circumstances – or what change in circumstances – existed on prior days when WCDC staff permitted inmates to use a cart and/or the elevator to move their belongings. Because Plaintiff cannot establish these two groups are "similarly situated," the equal protection claim fails. Plaintiff also fails to allege a *reason* for this alleged discrimination. Put differently, Plaintiff has not identified the basis for the Defendants' decision to allow one group of inmates to use the cart and elevator but to refuse the same accommodation to another group at a different time. In *Romer v. Evans*, 517 U.S. 620, 631 (1996), the Supreme Court explained that "if a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end." *Id.* at 631. Because plaintiff has failed to allege any facts

suggesting that this purported difference in treatment was motivated by membership in a protected class or that it burdened a fundamental right, Plaintiff has failed to allege an equal protection claim. *See Weiler*, 137 F.3d at 1052 (concluding that plaintiff failed to allege equal protection claim where he did not identify a "classification system by which the defendants determined who would receive the nonconforming packages and who would not"). It is recommended that Plaintiff's discrimination/equal protection claim be dismissed.

## B. Conditions of Confinement Claims

As a pretrial detainee, this Court analyzes Plaintiff's conditions of confinement claims under the Fourteenth Amendment's Due Process Clause. *Stearns v. Inmate Services Corporation*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 525 n.16 (1979)). In articulating the standard governing pretrial detainees" claims related to conditions of confinement, the Supreme Court in *Bell v. Wolfish*, 441 U.S. 520 (1979) held that the government may detain defendants prior to trial and "may subject them to the restrictions and conditions of a detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Id.* at 536-37. There are two ways to determine whether conditions of confinement rise to the level of punishment. First, "a plaintiff could show that the conditions were intentionally punitive." *Id.* at 538. Alternatively, "if there is no expressly demonstrated intent to punish, the plaintiff could also show that the conditions were not reasonably related to a legitimate government purpose or were excessive in relation to that purpose." *Stearns*, 957 F.3d at 907 (quoting *Wolfish*, 441 U.S. at 538-39).

Pretrial detainees "are entitled to reasonably adequate sanitation, [and] personal hygiene . . . particularly over a lengthy course of time." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). However, "[n]ot every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

5

"There is a *de minimis* level of imposition with which the Constitution is not concerned." *Id.* "In considering whether the conditions of pretrial detention are unconstitutionally punitive, [courts] review the totality of the circumstances of a pretrial detainee's confinement." *Morris v. Zefferi*, 601 F.3d 805, 810 (8th Cir. 2010).

In this case, the impositions upon Plaintiff are *de minimis*. Plaintiff alleges sleeping on a mat placed on a dirty floor for only two days: August 17-18, 2022. *See Ellis v. Norris,* 179 F.3d 1078, 1079 (8th Cir. 1999)(affirming dismissal of § 1983 complaint where plaintiff failed to allege any injury). Plaintiff then describes being served cold meals and a late meal on only one occasion without incident. (ECF No. 1). Plaintiff does not enjoy a constitutionally protected right to warm food. *See, e.g.*, *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (concluding that prisoner's claim that his constitutional rights were violated when he was served cold food was frivolous) (citing *Rust v. Grammar*, 858 F.2d 411, 414 (8th Cir. 1988)). Plaintiff's confinement to the hallway that was filthy and smelled of urine lasted only two days; her confinement to W Block-C2 lasted only a week. Importantly, Plaintiff does not claim that these unpleasant conditions of confinement caused her to suffer an actual injury. *See Smith v. Copeland*, 87 F.3d 265 (8th Cir. 1996) (pretrial detainee's claim that he was exposed to raw sewage in his isolation cell for four days did not rise to the level of constitutional significance where detainee failed to establish that he suffered any injury from the exposure, and he declined an opportunity to clean the mess himself). Although unpleasant, Plaintiff does not allege she suffered any injury from being exposed to a stinky cell block. *See Ellis v. Norris, supra.*

### C. Privacy Claim

The Court construes Plaintiff's claim that she was forced to shower without a shower curtain, exposing her top half to the male officers who were assigned to supervise her, to be alleging a violation of Plaintiff's constitutional right to privacy. The United States Supreme

Court, however, has long recognized that a "right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984); *see Bell v. Wolfish,* 441 U.S. 520, 537 (1979) ("Loss of freedom of choice and privacy are inherent incidents of confinement.").

The Eighth Circuit has repeatedly held that prisoners do not have a constitutionally protected privacy right preventing them from being observed by guards of the opposite sex. *Bell v. Conrad,* 749 F.App'x. 490, 491 (8th Cir. 2019) (affirming preservice dismissal and holding that "prison officials did not violate a clearly established constitutional right by allowing female guards to monitor Bell through surveillance cameras"); *Hill v. McKinley*, 311 F.3d 899, 903 (8th Cir. 2002) (holding that a female detainee's constitutional rights were not violated when she was required to undress in front of a male guard); *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990) ("Whatever minimal intrusions on an inmate's privacy may result from [opposite-sex] surveillance, whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities."); *see also Robinson v. Boulier,* 121 F.3d 713, at *1-2 (8th Cir. 1997) (holding that no constitutional violation arose from female officers' "panoramic view" of male inmates' shower and toilet areas). Under governing precedent which must guide this Court's analysis, Plaintiff had no constitutionally protected privacy right which prevented her from being observed by guards of the opposite sex while she showered.

Thus, for the reasons stated, the undersigned finds Plaintiff has failed to establish a claim that the conditions of her confinement violated her constitutionally protected rights.

## IV.  CONCLUSION

Upon review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends that:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 3rd day of November 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE